TIMOTHY COURCHAINE
United States Attorney
District of Arizona
CAROLINE ALLEN
Assistant U.S. Attorney
405 W. Congress St., Suite 4800
Tucson, Arizona  85701-5040
Tel. (520) 620-7300
Email: usaaz.flipflop@usdoj.gov
Attorneys for Plaintiff

☒ FILED  ☐ LODGED

**MAY 7 2026**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Norma Anabel Ramirez-Amaya,

Defendant.

CR 26-2078-MSA

26-04710mj-TUC

PLEA AGREEMENT

(Flip Flop)

(Petty Misdemeanor)

The Parties enter into the following agreement:

1.      The defendant will enter a plea to Count 2 of the Information, Attempted Improper Entry by Alien, a petty misdemeanor offense, in violation of Title 8, United States Code, Section 1325(a)(1).  This plea will occur no later than the time set for the change of plea/sentencing hearing.

2.      The government will dismiss Count 1 of the Information, Attempted Illegal Re-Entry After Deportation, a felony, in violation of Title 8, United States Code, Section 1326(a).  This charge, if proven, carries a maximum sentence of two (2), ten (10), or twenty (20) years imprisonment, a $250,000 fine, up to three (3) years supervised release, and a $100 special assessment.  The government will dismiss this charge at the time of sentencing.

3.      The maximum penalties for the offense to which the defendant is pleading, are six (6) months in custody and a $5,000 fine.  The government agrees to waive the $10 special assessment.

1

TIME SERVED (WITH PERMISSION OF AUSA) MT

4.     Pursuant to this plea agreement and Rule 11(c)(1)(C) Fed. R. Crim. P., the government and the defendant stipulate and agree to a sentence of ~~30 consecutive days of imprisonment,~~ which will commence at the time of plea and sentencing. The defendant is to receive credit for all time he/she has served to date and shall be deducted from the stipulated sentence.

5.     The parties waive a Pre-Sentence Report and agree that sentencing will occur on the date of the change of plea. The defendant understands and agrees that this plea agreement contains all terms, conditions, and stipulations regarding sentencing. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

6.     Pursuant to the plea agreement, the defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the complaint, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon the defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to collaterally attack the defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (4) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c), except the right to file a motion for compassionate release under 18 U.S.C. Section 3582(c)(1)(A) and to appeal the denial of such a motion. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be

2

construed to bar a claim of ineffective assistance of counsel or an otherwise-preserved claim of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7.    If the defendant was on federal supervised release or federal probation at the time the present offense was committed, the government may withdraw from the plea agreement.

8.    The elements of Improper Entry By an Alien are as follows:

(a) The defendant is not a citizen of the United States,

(b) The defendant entered or attempted to enter the United States, and

(c) The defendant entered or attempted to enter at any time or place other than as designated by an immigration official.

9.    If the defendant entered the United States at a place outside the District of Arizona, the defendant agrees to waive his/her right to raise a challenge based on improper venue and acknowledges that under Title 8, United States Code Section 1329, permits this court to accept the defendant's plea and sentence the defendant in accordance with this plea agreement.

10.    The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with defendant's attorney. The defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

3

11.   The defendant agrees that this written plea agreement contains all the terms and conditions of his/her guilty plea.

12.   **Factual Basis for Plea:**

I, Norma Anabel Ramirez-Amaya, am not a citizen of The United States. On or about April 14, 2026, I knowingly attempted to enter the United States of America at or near Douglas, Arizona, by entering at any time or place other than as designated by immigration officials.

Dated this _____ day of _____, 2026.

Matei Tarail
Digitally signed by Matei Tarail
Date: 2026.05.04 09:56:19 -07'00'

Defendant

Matei Tarail
Digitally signed by Matei Tarail
Date: 2026.05.04 09:56:39 -07'00'

Defense Counsel

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

_for_

CAROLINE ALLEN
Assistant U.S. Attorney

April 15, 2026

4